May it please the court, my name is Jill Bowman and I'm here representing the appellants in this matter. For more than 100 years, the state of Washington has made it clear that it does not want to encourage forum shopping. Let me ask you a couple questions I had about the case. Sure. My first read and my second read differ. My first read was that we're going along just fine here. It's a whole bunch of people that say they didn't get their overtime. That's a typical sort of class action that's got numerosity and typicality and commonality and all that. And so we should affirm the class certification, and then we should reverse on the decision that the six-year Washington statute of limitations applies, because few of the plaintiffs are even Washingtonians or have any contact with it. The work wasn't done in Washington, and there's nothing unusual or excessively harsh about a one-year statute. The federal government applies a six-month statute to most employment-related claims that come to court, the various sorts of discrimination claims. But then my second thought was, well, and I thought, I don't know why the district court even decided on the Washington statute, because it's not a class action decision. It's a substantive decision. But then my second thought was different. My second thought was, well, the Washington statute really did matter to class certification, because if the six-year Washington statute of limitations is not applicable to most of the plaintiffs, then even if it is applicable to the Washington plaintiffs, which, of course, would be arguable, but even if it is, there are so few of them that you would no longer have your numerosity and typicality and representativeness. So it really does have to be decided, and I can't see how it can be decided the district judge's way. Washington is just out of the blue here. It's Kuwait work, a Kuwaiti statute of limitations that's very liberal as these things go in employment law. It's particularly liberal because it's six months from the end of the contract rather than six months from the underpayment. It's one year, Your Honor. Yeah, one year. I'm sorry. It's more liberal even than six months from the end of the contract. Yes. Correct, Your Honor. So, and that would defeat class certification. Bingo. Educate me. That's exactly why we're here, Your Honor. We believe that the class certification decision was an abuse of discretion because it was based on errors of law. And what about the six-year? The six-year statute of limitations is the Washington statute of limitations on contract claims. The only way you can get there is if you were to find under Washington's choice of law principles that, first of all, you'd have to find that the Kuwaiti statute is a statute of limitations rather than a statute of repose. And that determination. Why does it even matter? Because under Washington law. I mean, why would it affect the outcome in this case? Why does it matter? Well, I mean, I think you get to the same result whether you treat it as a statute of limitations or statute of repose. That's my question. Does it affect the outcome? But the analytical path is different. Oh, I know that. But does it affect the outcome? No, I think you get to the same path if you determine, if you consider it a statute of limitations. I still think you can't apply the escape clause for the reasons Your Honor stated. And so you get to the same end point. So. It's not numerosity. The only people who had timely claims are the plaintiffs. Just in case it's not obvious, I obviously want to address the same question to your adversary so that you both have a fair chance to address my tentative take on it. Well, with the escape clause, we're really talking about the Washington statute, and we're talking about a determination whether the limitation period is substantially different for the forum state, are we not? No, Your Honor. The escape clause has two prongs. Well, but the first is substantially different. The first one is substantially different. And the second, that the plaintiff has not been afforded a fair opportunity. Correct. Okay. Two prongs. So we've got a two prong, and we have two cases. One, three years was more than substantially different, and another two years was more than substantially different. And so you're saying one year isn't substantially different? No, Your Honor. We're not arguing that one year is not substantially different from six years. We've been going on the second prong. So you've abandoned your argument as to A. Actually, Your Honor, I don't think we ever made the argument as to A. Okay. So we're really going under B. With under B, the only problem is, Your Honor. A fair opportunity to sue or the statute impose an unfair burden. Correct, Your Honor. But that's not you, so you're not worried about that. So we're really talking about the fair opportunity to sue, right? Correct. If you get into the escape clause at all, and our position is that you don't have to, I mean, as I said, you can get the same result that way. I mean, you're arguing I'm going to go under the statute of limitations first, and then we're going to go under a statute of impose. But let's take the statute of limitations. You have got to say to me that in this particular instance, they were afforded more than a fair opportunity to sue, right? Yes, Your Honor. Okay, we're in the statute of limitations question. Do I only owe any deference to the district court in their determination of whether they had a fair opportunity to sue? Your Honor, I don't. We're in a statute of limitations now. Yes. This is where the district court has to make the first determination. He's applying the right law. He's doing what he needs to do. Is there, do I owe any deference to that? Your Honor, I don't believe so. What is the standard? Your Honor, in Hine v. Taco Bell and the Unifund v. Sund cases, which are the two Washington Court of Appeals decisions applying the Uniform Conflict of Laws Limitations Act and looking at the escape clause, in both of those cases the Washington Court of Appeals made the decision as to whether or not the escape clause was applicable. They didn't remand it back to the trial court. I appreciate where you're going, but you didn't answer the second question. I'm sorry. Did they assume the facts established by the district court in making that determination? In my book, they did. I beg your pardon, Your Honor? In my book, they did. When we had the Washington Court of Appeals looking at what should be done there, they didn't come up with a new state of facts as to what the district court had determined. They used the district court's facts to make that determination. Well, in the first case, Your Honor, Hine v. Taco Bell, the court, the trial court, as opposed to the district court, the trial court didn't make any determination of the facts because it dismissed for lack of personal jurisdiction. All right. So the court didn't make any and didn't touch. I agree with you. What did it do with Unifund CCR partners? Unifund, it didn't either because in that case, the trial court held that the Delaware tolling statute didn't apply. So it didn't make the findings either. The only way you, it was the appellate courts who looked at the records and determined based on the evidence whether or not the plaintiffs had been afforded a fair opportunity to sue or had not been afforded a fair opportunity to defend. Is there any federal law on what our standard of review is on the fair opportunity question? Not that I'm aware of, Your Honor. Incidentally, is it necessary to decide on the correctness of applying the Washington six-year statute in order to resolve the case the way you want it to go, which is to reverse? To reverse. Yes, Your Honor, because the six-year statute of limitations was the underpinning for the class certification decision. If you don't have the six-year statute of limitations, you don't have proof of numerosity. Was everybody agreed that without the six-year statute, you don't have your numerosity, commonality, typicality, and representativeness? I don't believe that there was agreement on that. Do you think it would be clear enough so that you have to win on the six-year in order to get a reversal? I believe so. I'd like to ask you about the underlying law issue. I have a note here that the UCCLA, the comment to Section 4, says basically that this section only applies the escape clause in extreme cases to avoid injustice and the section should be rarely employed. Correct, Your Honor. I assume that Washington presumably follows that guideline. Is that correct in theory? That's my theory, Your Honor, and I believe it was not applied by the district court below. In this case, for example, you've got states like, say, California that have a one-year statute. You've got Delaware with a one-year statute, Arizona with a one-year statute, the federal government with a six-month statute. How then can this be shocking, rare, extreme? That's our point, Your Honor. However, we're not looking at the period of limitations in other states here. We're looking at the difference between the state where they applied or could have applied for relief and Washington. What they do in every other state in the union is absolutely irrelevant. We're looking at whether it's substantially different, and I guess you've conceded that. Yes, Your Honor, it's not just whether it's substantially different. Yes, we concede that it's different, but there's a second thought, whether it's unfair. I understand. So we're going to the burden. And that's where I thought you were going. Well, if you're really going to the burden, I guess I'm having a tough time. Isn't it true that the employees were expected to work the hours the government organization said they were to work? Yes, Your Honor. Isn't it true that they could never get there to do what they had to do in that country? That's what the district court seems to suggest. Your Honor, what the district court suggests doesn't even make sense because the two plaintiffs were there. I mean, they were still under their employment contracts when they initiated the suit. They brought suit. They're timely. We're not disputing that the two named plaintiffs brought timely claims. And the idea that it was impossible to do while they were in Kuwait, first of all, is rebutted by the fact that the first complaint that they filed was filed when both of them were still employed on the GMAS contract. But second of all, the statute, I mean, the way the Kuwaiti statute runs, it doesn't even start running until the employment contract ends. They have a whole year after. But it's my understanding the district court said they couldn't look into the labor laws there was a difference in language and culture and legal traditions, that ITT didn't provide them a copy of the local law, that the contracts weren't internally inconsistent in stating the number of hours or that they were internally inconsistent in determining when they had to work and when they didn't. Seems unfair to me. Counsel, what difference would it make in this case that Lee filed within a month of his termination, he's one of the named plaintiffs, Rigby within six months, and the fact that the Kuwaiti labor law is available in English on the International Labor Organization website, readily available on Google. Anybody can find it. Yes. It's in English. There's no problem. Even I could find it very promptly. Even I found it. You know, I appreciate he's my presiding judge, and I should not give him too much problem, but answer my question. He likes to interrupt it, but I ask you a question. The question was, this is what the district court found. Right. But, Your Honor, I think he found it, he didn't consider all of the facts. He didn't consider that these, I mean, how can you find that it's unfair for the whole class, which is basically what he found under Wal-Mart v. Dukes, that it's unfair for the whole class to be bound by that one-year termination, that they weren't given a fair opportunity to bring their claims, when the two named plaintiffs who were the class representatives, in fact, did meet the time bar. And two out of the four individuals who signed declarations in support of their first class certification motion signed those declarations within the one-year period that they could have brought timely claims. Let me ask you another question. Let's move to the statute of repose. Yes, Your Honor. This wasn't raised below, was it? Yes, it was, Your Honor. Well, I mentioned it in a footnote. Your Honor, it was a fairly lengthy footnote. I mean, you're suggesting the district court should have focused on this footnote? I've been in the district court before. Your Honor. It wasn't even mentioned in your appeal in your opening brief. Yes, it was, Your Honor. Appeal in our opening brief. Well, excuse me, that's the first time I realized where you were really going, and I read the district court's record to understand what the deal was. It was the first time was when you mentioned it in the opening brief. Your Honor, we raised it in the district court below. It wasn't a footnote. We did ask, Your Honor, for oral argument, which, had it been granted, we would have been raised again. We were not permitted oral argument on the class certification decision. So what we're really saying is this was such an important point. We only put it in the footnote, and the first time we ever really talked about it was when it came to you. But you're supposed to think that's pretty important. Yes, Your Honor. I wonder if it is. It's a legal question. I wonder if it is. I mean, the only significance I can see to this, generally, the statute of repose, the way Kuwait has it, is more liberal to plaintiffs instead of less liberal to plaintiffs. Correct. Gives them an hour after their whole employment or a year after the whole employment is over. And the only way I could see that it mattered was that is that the Washington Supreme Court has held that the escape valve from the statute of limitations is unavailable if it's a statute of repose. That's correct, Your Honor. Do I have that right? That's right, Your Honor. That's why you take a different analytical path. So it could be a sideshow. Well, I don't think of it as a sideshow, Your Honor. I just think there's two analytical paths. I think you end up in the same place. Judge Smith may disagree. But I think you end up in the same place. We actually come on the bench without talking with each other and, by and large, without having made up our minds. As you can probably see. We vary from having no idea what we're going to do to having a tentative view of what we're going to do. But we don't know what we're going to do until after argument and until we confer. So don't infer too much. Don't infer too much. Okay. I got the point. I guess getting back to one of our primary arguments. In Idaho, where this case was brought originally, it would have been a six-month statute of limitations. The plaintiffs dismissed that action, refiled in Washington where they could argue for a six-year statute of limitations. I thought you said that wasn't the real issue. That's what you said. That's what you said. I mean, how long? You're not even arguing whether there was a substantially different time. We're talking about the burden, I thought. Right. Whether it was possible to do it within the one year after the employment contract ends. I mean, that's the part of the argument that goes towards the statute of limitations argument. But, I mean, sort of underlying all this is part of the problem is that the way the district court came out is with basically sanctioned form shopping. And that's where we end up. Well, you always shop if you're allowed to. You're on. I mean, any good lawyer form shops whenever permissible to get the best outcome. That strikes me as a weak bit of rhetoric. Your Honor, I'm going to run out of my time for rebuttal. You're out of time. Since we've asked you a question, we'll give you a minute to respond. But let's hear from opposing counsel. Thank you. Thank you, Your Honor. May it please the Court, Counsel, I'm Dan Williams from Boise, Idaho, here on behalf of plaintiffs Ricky Lee, Paul Rigsby, and the certified class. And you've had plenty of time to think about my musings. I have. I listen very intently. Let's go right to the statute of limitations. It seems to me that we don't have to worry about the first prong. It's been conceded. There's a substantial difference between what Washington has and what the waive has. But why is one year after the contract ends unfair, considering that it's as liberal or more liberal to plaintiffs than so many American, both state and federal, statutes of limitations? I think the reason is this, and that is that it's not like we're dealing with somebody who worked in Kentucky, comes back home to Washington, and thinks that when he was working in Kentucky. How about instead of working in Kentucky, working at a remote site in Alaska? Okay. He's working at a very remote site in Alaska, Prudhoe Bay, somewhere in the far north reaches of Alaska. How about Fairbanks? That's really remote. That'll get him. He's been there. A fine place. I understand. But comes back home to, say, Tacoma. I mean, I don't know if it's much harder for him to file suit back home when he's working at a remote location in Fairbanks. We don't even have decent Internet in much of Alaska. Well, you know, although it's possible. Your cell phone is dead in most parts of Alaska. You can find on Google, as was pointed out, the Kuwaiti labor laws, but they're an English translation, and you wonder about the translation at some points. You can't find it on something more authoritative like LexisNexis. Look, it's hard. There's no question. The district judge is right that it's hard. But, frankly, it's hard for all kinds of people. If you're an associate at Cravath, Swain, and Moore in New York City, you're working so hard, you don't have time to talk to your lawyer back in Idaho and ask them to bring a lawsuit for this or that. Maybe, gosh, you're working maybe 7-12s. I think there's important distinctions, though. Time zones away. This is the second case of this kind that I've handled. I had an earlier class action certified in the District of Idaho involving guys who did very similar work for a different defense contractor in Iraq, and they're working such long hours. They're getting on buses very early in the morning, working late at night. It's even hotter in Kuwait than it is in eastern Oregon or southern Idaho. And so when they're off, they sleep. And that's all you do. They're fairly well compensated. That's why they do it, and they're ex-military guys. That's true of most of my law clerks the year following their clerkship. They work and they sleep, and they don't sleep enough. I mean, that's life. I'd like to make two points, though. I think Judge Smith was getting somewhere. Which one? Judge Randy Smith. Okay. Fellow Idahoan. That's right. I'm always going to side with him. I think we do owe the district court some deference on this issue. That is key. What is the authority for how we review the district court on this matter? Well, I don't know if we owe him deference or not, and I'd like to know. Yeah. As we point out, beginning on page 11 of our brief and continuing on page 12, we haven't been able to identify a case that says specifically regarding this finding of unfair burden that you owe a particular standard of deference or not. My worry about that is that I'm in the same place in every other summary judgment that I have in these situations. I can't make that decision, and neither can he. We have to send that to the dryer of fact to make that determination. So I'm having a tough time. And, frankly, there are some inconsistencies. I saw what the district court did, but, frankly, contracts say employees are Pay will be in accordance with Kuwait labor law, which is 48 hours a week. And I don't find any allegations, anything, that any member of the class, in fact, had difficulty bringing the suit. I instead almost conceded that many knew during their employment that there were problems with the overtime work. And the district court adopted the substantive law of Kuwait, right? That's correct. So this is a split off from every other part of the contract. Well, if we go back and look historically, statute of limitations were considered procedural law that would not be included. I understand. The bottom line is, though, this case does not present a situation where you're dealing with a system that was so incongruous to anything that any of these that the judge just threw the whole thing out and said, we're not going to follow substantive law. But you picked out this procedural point, even though the two name plaintiffs had absolutely no problem filing in that time, indeed, filed early. And there are no findings of fact, any reasons why this was done. And, indeed, as my colleague, Brother Randy says, since this is in the posture that it is, we actually owe the benefit of the doubt to the other side in terms of any such findings. They're not necessarily binding on us at this point, are they? I don't think this is a summary judgment standard. I don't think inferences are due to the opposing party because we're in the class certification. That's after the normal. Okay. Well, then we need to get back to the issue that all of us have raised, or at least my colleagues have raised, which is what is the standard by which we review that class certification? Usually there has to be a statement as to the reasons of the district judge for making such a determination. We have some of our district judges who always decline to do that, and it's a structural error. Do we have here a sufficient statement from the judge indicating, in this particular statute of limitations or repose, whatever it may be, as to the second prong? Yes, I believe so. And where do you believe we find that in the record? We find that in the record right in the judge's order, which the defendant quotes very selectively, and we quote in its full length. And that appears on pages 17 and 18. What is it on the record? Is it S-E-R or E-R? It's 1-E-R at 6, and specifically lines 8 through 23. And that is the court's findings with regard to the unfair burden. And they are findings, and they are factual findings. Aren't they conclusory, though? I don't believe so. I don't believe so. If they're not conclusory, tell me where I find any allegation that any member of the class, in fact, had difficulty bringing the suit. I, in fact, looked for it. Well, I couldn't find it. I don't see anything in there about a difference in language and culture. Well, I think we can take judicial notice of that fact. Well, you've got to take a lot of judicial notice. I do find something that ITT didn't provide them a copy of the local law. I don't find anything about contracts were internally inconsistent in stating the number of hours. In fact, all I've got is that the contracts with the employees respected to work matched what the government organization that they were working for wanted them to work. I mean, I couldn't find anything that says they couldn't get there to file the case in the facts. This is what the district court thought because he was trying to help these people, which, to my book, they're a class I'd love to help as well. Well, Judge Smith, I think he goes beyond that, in fairness. Find the facts. I don't care what he says because he's got to be based on facts. Well, the documents at issue are facts. They're in the record, and he talks about the documents at issue. Let's assume for a minute that we see what we see. I see conclusory statements without any backup. I don't know what my colleagues see. But what's the standard of review by which we, as an appellate court, are supposed to consider what the district court did here for purposes of class certification? I think the mixed issue of law and fact with regard to the escape clause is a clearly erroneous standard. Clearly erroneous. Then what case would you cite for that? Well, I think that it, as we point out on 11 and 12, those issues are more akin to the kinds of issues where that's the standard that this court employs. And what's the case? Well, we point out the recon refractory case from 2005 dealing with unfair labor practices. So the court makes findings that applies the laws to unfair labor practices, and this court employs a clearly erroneous standard. Okay, but again, what I'm struggling with here, counsel, is this. He, as again we find with some of our good colleagues in the district court, is that they state things that the statute says or some text says, but they don't deal with the facts here. They don't say, you know, with respect to the representative plaintiffs, you know, I couldn't possibly have found this because of X, Y, Z, or you can't find it if you go to Google, or you can't hire a lawyer who knows anything about this, or anything. These seem to me to be strictly conclusory statements. Those are not entitled to, you know, clearly erroneous standards because we're not reviewing facts here. Those are just statements. Well, but I think there is factual backup in the record. Where? Well, for instance, we point the court to the experience of Paul Rigsby trying to assert rights in Kuwait. But he filed within six months, if I recall correctly, of the conclusion of his employment, did he not? He did. So he obviously had no difficulty. I'm sorry? Oh, we were saying the same thing. It was hard, but he succeeded. It's because he found me, frankly, and I knew something about dealing with these kind of cases that arise overseas on behalf of classes of guys working for defense companies. And we congratulate you. You're obviously a very fine lawyer, but that doesn't help me with the problem with what the district court did. Mr. Rigsby filed on time under anybody's standards, with no difficulty, with your great help. But as one of my colleagues pointed out here, even the biggest law firms sometimes struggle with finding some of these legal issues. And if they blow the statute of limitations, the fact that they've got a big law firm doesn't help them. In this case, the two named class representatives had absolutely no difficulty at all. The district court says, oh, it's tough. But what are the facts? What evidence is there? They tried this. They tried that. They couldn't find it. They couldn't do this and so on and so on. There's none of that. Well, there is in the record. But where? Well, the judge specifically talks about ITT not providing any explanation for these very vague references to local or Kuwait labor law contracts. Do they have to? Is there any duty on their part to do that? I'm not sure they had an independent duty to do that, but it's a factor. I never saw a contract that told the promisee what the statute of limitations would be for his suit. No, I understand that. But what I'm saying is that, and I think what the district court was getting to is that with these guys working long hours, foreign country, heat, all the rest, the contract has only these vague and kind of inconsistent references to local labor law. I'm glad you don't think the cold weather prevents somebody from complying with the statute of limitations. Totally different situation. Obviously much easier. Let me ask you this. Let's suppose that you prevail all the way to the Washington statute of limitations being applicable at least to Washington plaintiffs. I still don't see why the six-year Washington statute of limitations would be the appropriate one under choice of law principles for members of the class who come from states with one-year statutes of limitations or less. Well, I'd refer the court to our earlier submissions to the district court on that issue. But there are quite a few cases in general throughout the country where because statutes of limitations are considered procedural, it's not considered the substantive law of another state. Courts all the time have employed their own statute of limitations on behalf of the class. Well, my impression was they were just all over the place. And it depended on choice of law analysis in the particular case. They don't speak uniformly. I'll concede that. But there are plenty of cases in which because it's been considered historically and traditionally procedural, that the forum court will apply its own statute and say other states, you know, they might have their own limitations. Some guy who comes from Virginia, goes and works in Kuwait, comes back home to Virginia, surely he wouldn't say that the Washington statute of limitations would apply if it would be shorted in Virginia's and would bar his claim and Virginia's would be more liberal. I'm saying it could still do that because he has the right to opt out. And that's what saves that particular situation because he's guaranteed under Rule 23 the right to opt out and say, I want my own state. Commonality and typicality, though. I don't think so. We don't destroy it. I'll concede it may affect the analysis, but it doesn't destroy it because it's very important to have that opt out right. Because that prevents those very situations where somebody says, hey, don't be fooling with my right, which is better in my home state. Thank you very much for your argument, counsel. I forget how much time your opposing counsel has left. I think we went into the red, as I recall. We're going to give you an extra minute, okay? Come and tell us what you'd like to tell us. I think I was left one minute, Your Honor. Correct. Okay, very good. Three points. First, there's no authority that deference is owed to the district court's determination on the second prong of the escape clause. Second point, there's no evidence that any of the GMAS employees were unaware of Kuwaiti law. By the way, what do you cite for your position that there's no deference owed? No, I said there's no authority. Oh, there's no authority. Okay. Deference is owed. My second point is that there's no evidence that the GMAS employees were unaware of Kuwaiti law, or at least the dispute over whether Kuwaiti law applied. They were paid overtime. The dispute is over whether it was calculated correctly weekly or daily basis. It's a practical matter for a lot of them. It was the same because when you work 12 hours a day, six days a week, it numerically works out the same. Last point is the way this worked out, the district court was basically sanctioning plaintiffs, picking the Kuwaiti law they liked and ignoring the law, the Kuwaiti law that they didn't like. Okay. Thank you, Your Honor. Any questions for colleagues? No. Thank you both for a very enlightening and interesting argument. The case disargued, Lee v. ITT Corporation, is submitted.
judges: Kleinfeld, Smith, Smith